UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KRISTIN R.,[1]

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

_____

            **23-CV-6239-LJV**
            **DECISION & ORDER**

On May 3, 2023, the plaintiff, Kristin R. ("Kristin"), brought this action under the

Social Security Act ("the Act"). Docket Item 1. She seeks review of the determination

by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2]

*Id.* On July 31, 2023, Kristin moved for judgment on the pleadings, Docket Item 6; on

August 21, 2023, the Commissioner responded and cross-moved for judgment on the

pleadings, Docket Item 7; and on October 5, 2023, Kristin replied, Docket Item 8.

---

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Kristin applied for both Disability Insurance Benefits ("DIB") and Supplemental
Security Income ("SSI"). One category of persons eligible for DIB includes any adult
with a disability who, based on her quarters of qualifying work, meets the Act's insured-
status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d
Cir. 1989). SSI, on the other hand, is paid to a person with a disability who also
demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive
both DIB and SSI, and the Social Security Administration uses the same five-step
evaluation process to determine eligibility for both programs. *See* 20 C.F.R.
§§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court grants Kristin's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

### I.    **THE ALJ'S DECISION**

On November 29, 2021, the ALJ found that Kristin had not been under a disability since her alleged onset date of April 1, 2020. *See* Docket Item 5 at 27. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a). *See id.*

At step one, the ALJ found that Kristin had not engaged in substantial gainful activity since her alleged onset date. *Id.* at 21. At step two, the ALJ found that Kristin suffered from three severe, medically determinable impairments: "carpal tunnel syndrome, asthma, and hypothyroidism." *Id.*

At step three, the ALJ found that Kristin's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 22. More specifically, the ALJ found that Kristin's impairments did not meet or medically equal listing 3.03 (asthma)*,* 11.14 (peripheral neuropathies), 4.00 (thyroid-related changes in blood pressure and heart rate), 5.00 (thyroid-related weight loss), 11.00 (strokes), and 12.00 (cognitive limitations), *id.*

3

The ALJ then found that Kristin had the residual functional capacity ("RFC")[4] to "perform sedentary work as defined in 20 [C.F.R.] 404.1567(a) except" that:

> [Kristin] can lift and/or carry fifteen pounds occasionally and ten pounds frequently; [she can] sit, stand, or walk six hours or more; [she must] avoid concentrations of pulmonary irritants; and [she can] frequently use the upper extremities for handling or fingering.

*Id.* at 22-23.

At step four, the ALJ found that Kristin no longer could perform any past relevant work. *Id.* at 26. But given Kristin's age, education, and RFC, the ALJ found at step five that she could perform substantial gainful activity as a price marker, mail sorter, or electronic assembler. *Id.* at 26-27; *see Dictionary of Occupational Titles* 209.587-034, 1991 WL 681266 (Jan. 1, 2016); *id.* at 222.687-022, 1991 WL 672992 (Jan. 1, 2016); *id.* at 729.684-054, 1991 WL 672653 (Jan. 1, 2016). Therefore, the ALJ found that Kristin had not been under a disability or entitled to SSI or DIB since her alleged onset date of April 1, 2020. *See* Docket Item 5 at 27.

## II. ALLEGATIONS

Kristin argues that the ALJ inadequately addressed the opinion of Harbinder Toor, M.D., a consultant who examined her. *See* Docket Item 6 at 7. More specifically, Kristin argues the ALJ "failed to properly explain the supportability and consistency factors," leaving "the RFC not supported by substantial evidence." *Id.* This Court agrees and therefore remands the matter to the Commissioner.

---

[4] A claimant's RFC is the most she "can still do despite [her] limitations . . . in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

III.    **ANALYSIS**

For claims filed on or after March 27, 2017, such as Kristin's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.,* 631 F. Supp. 3d 1, 7 (W.D.N.Y. 2022) (internal quotation marks omitted) (quoting 20 C.F.R. § 416.920(c)(a)). Instead, the ALJ evaluates the opinion evidence and "articulate[s] . . . how persuasive [he or she] finds the medical opinions in the case record." *Id.* (citing 20 C.F.R. § 416.920c(b)). The Code of Federal Regulations lists five factors for the ALJ to consider when evaluating a medical opinion: (1) the amount of evidence the source presents to support the opinion; (2) the consistency between the opinion and the record; (3) the provider's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; (4) the provider's specialization; and (5) any other factors that "tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(c)(1)-(5). The ALJ always must explain how [he or she] considered the supportability and consistency factors" because they are "the most important factors," and the ALJ "may, but [is] not required to, explain how [he or she] considered the [remaining] factors." *Id.* § 416.920c(b)(2).

"Supportability" and "consistency" are terms of art defined by the regulations. As to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1); *see Spottswood v. Kijakazi,* 2024 WL 89635, at *1 (2d

Cir. Jan. 9, 2024) (characterizing "supportability" as "how well supported an opinion is by medical evidence and the explanations given in the opinion"). As to "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2); *see Spottswood,* 2024 WL 89635, at *1 (characterizing "consistency" as "how consistent an opinion is with other evidence in the record").

On February 2, 2021, Dr. Toor completed a consultative examination and opined, among other things, that Kristin had "moderate to marked difficulty grasping, holding, writing, tying shoelaces, zipping a zipper, buttoning a button, manipulating a coin, or holding other objects with the hands." Docket Item 5 at 476. Along the same lines, Dr. Toor found that Kristin "has moderate to marked limitations doing fine motor activities with the hands." *Id.* at 477. In support of those opinions, Dr. Toor found that Kristin's "[h]and and finger dexterity is not intact bilaterally" and that her grip strength was "2/5 in the right hand" and "3/5 in the left hand." *Id.* Likewise, he noted that Kristin had "difficulty opposing the finger to the thumb" as well as "tenderness and stiffness" in both hands and wrists. *Id.*

The ALJ found Dr. Toor's opinion to be somewhat persuasive but rejected the finding of marked limitations in performing fine motor activities. *See* Docket Item 5 at 24. The ALJ reached that conclusion because Kristin noted in her function report that she can "care for her cat, feed herself, use the toilet, dress herself when not using zippers or buttons, [and] prepare simple meals," and because of her reported "ability to

shop in stores with some assistance." *See id.* (citing *id.* at 278-279).  The ALJ also observed that with "splinting, [Kristin] reported an improvement in the ability to perform all activities."  *See id*. (citing *id.* at 594).

In rejecting or discounting Dr. Toor's opinion, the ALJ failed even to mention the required supportability factor: he did not discuss how well Dr. Toor supported and explained his opinion about Kristin's impairments in her fine motor skills.  *See id*.  And Dr. Toor's opinion was indeed well supported.  For example, Dr. Toor's examination found decreased grip strength and dexterity in both hands and noted that Kristin's hands and wrists were tender and stiff.  *See id.* at 476.  Moreover, Dr. Toor noted that Kristin had "a history of tingling, numbness, stiffness, pain, and swelling in the wrist and hands since March 2020."  *Id.* at 474.  So the failure to address supportability alone requires remand.  *See Loucks v. Kijakazi,* 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (it is a procedural error not to explain how the ALJ considered the supportability and consistency factors in detail).

Moreover, while the ALJ paid lip service to the consistency factor, his analysis was deficient in two ways.  First, he failed to explain what he found to be inconsistent between Kristin's reported activities and Dr. Toor's opinion.  And there is nothing inherently inconsistent between being able to care for a cat or to feed oneself, for example, and having marked limitations in fine motor skills.  So the ALJ's reasons for finding Dr. Toor's opinion inconsistent with other record evidence miss the mark.

Second, and as Kristin argues, the ALJ "relied on selectively chosen evidence to address consistency."  *See* Docket Item 6-1 at 7.  For example, part of Kristin's function report is entirely consistent with Dr. Toor's finding that she is unable to zip a zipper or

button a button, *compare* Docket Item *5* at 278 (Kristin's function report notes) with *id.* at 476 (Dr. Toor's examination), and therefore with Dr. Toor's opinion about marked limitations in fine motor skills.  Moreover, two state agency physicians—S. Putcha, M.D., and A. Saeed, M.D.—both found that Kristin could finger bilaterally only occasionally, *id.* at 75, 90, consistent with Dr. Toor's opinion and inconsistent with the ALJ's finding that she could finger "frequently," *id.* at 23.

The record also repeatedly notes that Kristin reported significant pain in her hands and wrists.[5]  *See Id.* at 389-392, 412, 527, 577.  And while the ALJ correctly found that the recommendation of treating physician Constantinos Ketonis, M.D.—that Kristin "should remain out of work"—is not a medical opinion but a dispositive finding on a matter reserved for the Commissioner, *see id.* at 25 (citing Dr. Ketonis's letter, *id.* at 363, and office notes, *id.* at 578), the ALJ was obliged to do more than simply ignore that recommendation: the ALJ should at least have weighed the findings behind the recommendation or contacted Dr. Ketonis for an explanation.  *Dustin M. v. Comm'r of Soc. Sec.,* 2021 WL 3492923, at *4 (W.D.N.Y. Aug. 9, 2021) ("Nonetheless, in such a circumstance, the ALJ still must analyze what is behind the opinion or recontact the provider to request a translation of the opinion into language that fits the Social Security context.") (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

---

[5] For example, on June 1, 2020, Kristin went to urgent care reporting hand pain that caused her to scream in discomfort and that even turning a doorknob was very painful.  Docket Item 5 at 389-392.  She also exhibited tenderness in both wrists.  *Id.* at 390.  On July 30, 2020, Kristin reported "constant pain in the forearms, wrists, and hands, with intermittent numbness and tingling in all five fingers."  *Id.* at 577.  In August 2020, Kristin said that she had difficulty picking things up as well as stiffness and joint pain in her wrist.  *Id.* at 412.  In May 2021, Kristin said that her bilateral hand pain had improved a little but still was present.  *Id.* at 524.

Indeed, in relying on Kristin's function report to discount Dr. Toor's opinion, the ALJ emphasized what Kristin said she could do and omitted what she could not.  For example, the ALJ noted that Kristin can care for her cat, Docket Iten 5 at 24; *see also id*. at 22, but he left out that Kristin's fiancé "helps feed, brush, [and] play with" the cat and cleans the litter box, *id*. at 278.  Kristin also reported that she cannot "work, drive, read (hold book up), [put on] makeup, [do her] hair, [perform] housework, cook, etc." because "most days [she suffers from] extreme hand pain," *id.,* but the ALJ does not mention any of that in his evaluation of Dr. Toor's opinion, *see id*. at 24.  In other words, the ALJ selectively chose portions of the record to support his consistency finding and ignored significant record evidence to the contrary.

When addressing the persuasiveness of a medical opinion, an ALJ may not "selectively rel[y] on portions of the record" and must address the entire "weight of the evidence."  *Loucks,* 2022 WL 2189293, at *2 (remanding where an ALJ "selectively relied on portions of the record" to find an opinion not persuasive, failing to explain supportability and consistency); *see also Blash v. Comm'r of Soc. Sec.,* 813 F. App'x 642, 644 (2d Cir. 2020) (quoting *Kohler v. Astrue,* 546 F.3d 260, 268-69 (2d Cir. 2008) (noting error to "overlook or mischaracterize portions of evidence that support disability finding").  Because the ALJ selectively chose the parts of the record that supported his conclusion and failed to address the rest, remand is required.

**CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 7, is DENIED, and Kristin's motion for judgment on the pleadings, Docket Item 6, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


SO ORDERED.

Dated:        July 2, 2024
              Buffalo, New York


_Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE